188 So. 386

### FRAZIER v. STATE.

2 Div. 136.

Supreme Court of Alabama.

April 27, 1939.

David M. Hall, Jr., of Demopolis, for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

GARDNER, Justice.

The appeal is from a judgment of conviction for murder in the first degree, with infliction of the death penalty. The appeal is upon the record proper, with no bill of exceptions.

No questions are presented for consideration on the record, which appears regular in all respects.

Let the judgment stand affirmed.

Affirmed.

All the Justices concur.

188 So. 391

### GRAY v. STATE.

4 Div. 47.

Supreme Court of Alabama.

April 27, 1939.

No attorney marked for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

THOMAS, Justice.

The appeal is upon the record. No question is presented for review as to the selection and organization of the jury, the arraignment and venire, or the setting and calling the case for trial.

There is no demurrer to the indictment.

The judgment shows a due setting of the cause for trial, representation of the State by the solicitor, and that the defendant was present in open court in her own proper person and was represented by an attorney; that the defendant was duly arraigned upon the indictment and plead "not guilty" to the indictment on such arraignment.

The record further shows the trial and submission of the facts to a jury of twelve, duly impaneled and sworn according to law, and that, upon their oaths, the jury found the defendant guilty and fixed her punishment at "life imprisonment in the penitentiary."

The record and judgment entered upon the verdict of the jury discloses that the defendant in open court was duly asked by the court if she had anything to say why the sentence of the law should not be pronounced upon her and "says nothing." Thereupon, it was considered by the court and the judgment and sentence of the court was that the defendant, Mary Etta Gray, should be imprisoned in the penitentiary of the State of Alabama "for a term of life"; and that the State of Alabama have and recover of defendant the cost of the prosecution, for which execution may issue. See White v. State, post, p. 610, 188 So. 388.

It results from the foregoing that the judgment of the circuit court is affirmed.

Affirmed.

All the Justices concur.